IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

| | |
|---|---|
| JASON MILLER, | : |
| Plaintiff, | : |
| v. | : Case No. 5:17-cv-00001-MFU |
| FOREMOST INDUSTRIES INC. OF PA, and GLD FOREMOST HOLDINGS, LLC | : |
| Defendants. | : |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, JASON MILLER, by his counsel, who moves for judgment against the Defendants, FOREMOST INDUSTRIES, INC. OF PA, and GLD FOREMOST HOLDINGS, LLC, pursuant to the Rules of the Supreme Court of Virginia, for the reasons and in the amounts set forth below:

1. The Plaintiff, JASON MILLER, is a natural person, domiciled and residing in the Commonwealth of Virginia at all times relevant to this cause of action.

2. The Defendant, FOREMOST INDUSTRIES, INC. OF PA, doing business as "Foremost Industries, Inc." (hereinafter referred to as "Foremost") is a Pennsylvania corporation, who is registered and performing construction operations in the state of Virginia, at all times relevant to this cause of action.

3. The Defendant, GLD FOREMOST HOLDINGS, LLC, (hereinafter referred to as "GLD"), is a Delaware limited liability company, doing business in the state of Virginia through its wholly owned subsidiary entity, Foremost Industries, Inc. of PA.

4. Jurisdiction is appropriate in this Court, pursuant to Va. Code §17.1-513.

1

5. Venue is appropriate in this County and Court, pursuant to Va. Code §8.01-262.

## FACTS APPLICABLE TO ALL COUNTS

6. Since the 1970s, Foremost has been a well respected company manufacturing and erecting manufactured homes in several states, including Pennsylvania, Maryland, West Virginia, and Virginia.

7. Foremost had performed such a high volume of business in Virginia that it registered as a foreign corporation doing business in Virginia on a regular basis, with the Virginia State Corporation Commission.

8. In or about 2015, sales negotiations took place between Foremost and Daniel Gordon (hereinafter referred to as "Gordon") in which Gordon was to purchase the assets of Foremost.

9. Upon information and belief, as part of this sales transaction process, Gordon created several different entities to purchase different sections of Foremost's assets.

10. Gordon created at least three separate legal entities, GLD Foremost Holdings, LLC, Buchanan Trail Realty Holdings, LLC (formerly Foremost Realty Holdings, LLC) to own the real estate, and a third entity, as part of a sham corporate shell configuration. This sham corporate configuration was part of Gordon and GLD's, deconstruction of the original Foremost Industries of Pa. company.

11. The GLD entity was not actually owned by the putative purchaser, Gordon, but rather, was allegedly owned by two other partners, one of which was a Trust and another was a separate Management company. However, Gordon controlled the operations of all the entities.

12. The GLD real estate entity took control of the real estate assets of Foremost.

13. In or about March, April, and May, 2015, Gordon engaged in negotiations on behalf of himself and these various Gordon related entities, with the owner of Foremost.

14. Gordon held himself out to be the purchaser, principal owner, and the financier for the transaction involving the sale of Foremost assets to the GLD entities.

15. After one hundred percent (100%) of the stock of Foremost was sold to Gordon or his agents, he then caused Foremost to cease being a viable business.

16. In or about July 2015, GLD began selling off the substantial assets of Foremost and began the process of dismantling the company. It was apparent that GLD's agreement with the new members of Foremost was that Foremost would no longer be a viable manufacturer of homes in the future.

17. In or about July 2015, Gordon and GLD began firing Foremost employees and winding down their business operations.

18. GLD, Foremost, and Gordon knew and were aware that GLD was in the process of selling all of its assets such that Foremost would not be a viable company.

19. Despite the fact that the company was no longer functioning as a housing manufacturing company, Foremost and GLD continued to offer proposals to consumers to manufacture homes, advertise its manufactured homes, and install manufactured/prefabricated homes to customers' specifications.

20. Beginning in January 2016, Foremost, Gordon, and GLD knew that business operations were being altered to the extent that they would not be able to deliver the products, manufactured homes, to new customers.

21. GLD simply used the Foremost name and the empty corporate shell as an artifice and device to hide their fraudulent activities and avoid responsibility and liability for their sham transaction. By February 2016, Foremost was no longer capable of the delivery of <u>any</u> products to the public.

22. In furtherance of this conspiracy and sham, and to hide the true nature of the ownership of assets of the company, Gordon later changed the name of the GLD entity holding the real estate assets from Foremost Realty Holdings, LLC to Buchanan Trail Realty Holdings, LLC, without proper corporate authority.

23. In or about January 2016, Foremost and GLD, and Gordon, by and through their agents and employees, advertised in Virginia, marketed in Virginia, and maintained its registration as a foreign corporation doing business in Virginia.

24. The Plaintiff entered into discussions with representatives of Foremost in December of 2015 about the manufacturing and erection of a residence in Virginia to his specifications, a prefabricated 2,159 square foot residence for a set price.

25. Representatives for Foremost and GLD, and Gordon further advised the Plaintiff on or about March 30, 2016 that the total period of time for delivery of the product in Virginia was June 27, 2016.

26. Foremost, GLD, and Gordon, by and through their agents, represented to the Plaintiff that the company was operating in Virginia, was licensed and bonded to perform the erection and installation using company cranes to set the house in place, and that the workers selected by Foremost to complete the installation had the necessary skills, cranes, and the experience necessary to perform the home manufacturing and construction project.

27. At the time representations were made to the Plaintiff, Neither Gordon nor GLD disclosed to the Plaintiff that Foremost was not a viable business entity, nor that Foremost was a "wholly owned subsidiary" of GLD.

28. Based upon these verbal representations, the Plaintiff agreed to enter into a contract with Foremost for the manufacture, construction and installation of a residence at 3355 Lockes

Mill Road, Berryville, Virginia. The total price of the contract was $136,755.48. (See copy of contract attached as Exhibit 1).

29. In furtherance of Foremost's representation, on or about March 17, 2016, the Plaintiff tendered a check in the amount of $2,500.00 to Foremost in furtherance of the understanding between the parties; and on March 30, 2016 the Plaintiff wired the sum of $72,041.84 to Foremost through his bank, Bank of Clarke County, Virginia to finalize the contract with the Defendants to their Bank in Pennsylvania, Branch Banking & Trust (Account No. 1390000008458).

30. On or about March 17, 2016, Foremost had ceased being a viable entity, and had not maintained the proper corporate registration in the state of Virginia.

31. On or about March 17, 2016, the Branch Banking & Trust account into which the Plaintiff sent the $74,541 sum was controlled by Gordon and GLD.

32. Upon information and belief, the Plaintiff's funds came into the possession and control of GLD.

33. After receiving these funds, Foremost and GLD failed and refused to contact the Plaintiff, or to begin the manufacturing, delivery or the installation of the product for the Plaintiff.

34. The Plaintiff attempted to contact Foremost's representatives inquiring about the status of the manufacture of his home, and neither Foremost nor GLD's representatives responded to any of the Plaintiff's inquiries after June 2016.

35. To the present date, neither Foremost nor GLD have purchased any materials, sought any permits, manufactured the Plaintiff's home, provided any workmen to the site, nor

performed any of their obligations to manufacture and install the manufactured home for placement at the Lockes Mill Road location.

36. At the time Foremost's representatives contracted with the Plaintiff in 2016, it did not have the necessary personnel nor resources to perform the manufacturing and installation and consistent with the representations set forth in the parties' contract.

37. At the time Foremost's representatives contracted with the Plaintiff and took the Plaintiff's money in 2016, it had already held an auction selling a portion of the company's assets, the number of its work force had been greatly reduced, and Foremost had not been regularly purchasing materials for manufacturing and installing prefabricated homes; thus the Defendants knew they would not be able to perform on the Plaintiff's contract.

38. Foremost's representations regarding the nature of their ongoing business operations, its ability to fulfill the manufacturing and installation services, and that they possessed workmen, supervisors, equipment, necessary to perform in a timely manner, were all false when made; and Foremost, Gordon, and GLD knew they were false when Foremost's agents made those representations to the Plaintiff.

39. Those aforesaid representations were materially false when they were made, and they were made with the intention that the Plaintiff rely upon them to his detriment; and he did so rely to his detriment.

40. Upon information and belief, as the entity which owned and controlled Foremost, GLD, by and through Gordon, was actively engaged in directing Foremost in all its day-to-day business operations, and in the perpetuation of the sham of being an active business, manufacturing housing for the residential market.

41. Upon information and belief, Foremost became the alter ego of GLD because GLD made all key decisions affecting Foremost's operations, and Gordon oversaw that Foremost's activities conformed to GLD's plan of dismantlement.

42. All of the Defendants' representations, as aforesaid, were material misrepresentations made to the Plaintiff to induce him to enter into the contract.

43. The Defendants created a false artifice to the public at large and to the Plaintiff in particular of an active business with a valid corporate structure and containing corporate assets when it was not; and thereby had no intention of performing under the terms of Plaintiff's contract.

44. As a direct result of the Defendants' false representations, the Plaintiff has been directly damaged in the amount of $250,000, including attorneys fees and costs of this litigation.

## COUNT 1—Wire Fraud

45. The allegations contained in paragraphs 1 through 44 are incorporated herein by reference.

46. The Plaintiff relied upon these representations in providing Foremost and GLD the $72,041 wire transfer from the Bank of Clarke County, Virginia to the Defendant's banking institution, Branch Banking & Trust.

47. The Plaintiff never received any of the products he was entitled to and contracted for under the terms that he understood when the contract was being entered into.

48. The Defendants' actions, as aforesaid, represent misuse of interstate communication facilities, including an electrical, mechanical, or telephonic device, to execute a scheme to obtain monies from the Plaintiff by means of false and fraudulent representations.

49. The Defendants' actions, as aforesaid, were made with the intent to defraud the Plaintiff.

50. The Defendants' advanced, furthered, and carried out this scheme to defraud and obtain monies from the Plaintiff by means of false and fraudulent representations by transmitting a writing, signal, or sound by means of a wire communication in interstate commerce.

51. The Defendants' actions, as aforesaid, were made with malice aforethought and with the intent to damage the Plaintiff financially.

52. The Defendants' actions, as aforesaid, have caused the Plaintiff to incur attorneys' fees in the action to recover monies fraudulently obtained by the Defendants.

53. The Defendants made the misrepresentations in a willful and wanton manner, and with reckless disregard for the rights of the Plaintiff.

### Count 2—Fraud in the Inducement (Foremost and GLD)

54. The allegations contained in paragraphs 1 through 44 are incorporated herein by reference.

55. At the time Foremost and GLD made the aforesaid representations to the Plaintiff through their representatives, both Defendants knew the representations were false, and they made the statements intentionally.

56. The Defendants made the aforesaid representations to Plaintiff for the purpose of inducing him to enter into a contract and provide the sum of $74,541 as a deposit.

57. The Plaintiff relied upon the representations of the Defendants in entering into the aforementioned contract and in tendering the sum of $74,541 to Foremost, which ultimately came into the possession of GLD.

58. At the time the Defendants accepted the Plaintiff's funds, they never intended to perform any of the home construction and installation activities, and they did not possess the necessary workmen, supervisors, equipment, and personnel, nor did they make any purchases to permit them to provide the requested product.

59. The Defendants made the misrepresentations in a willful and wanton manner, and with reckless disregard for the rights of the Plaintiff.

60. The Plaintiff relied to its detriment on the statements and claims of the Defendants, and he has not recovered any of the $74,541 funds paid to Foremost

61. The Plaintiff has been damaged by the Defendants' fraud in the form of monies lost, interest paid on his loan, and expenses incurred to hire others to complete the construction and installation of a new home on this site.

### Count 3—Breach of Contract

62. The allegations contained in paragraphs 1 through 44 are incorporated herein by reference.

63. GLD, as the *alter ego* of Foremost, was in fact the viable entity using the name of Foremost to enter into the contract between the parties, when in reality Foremost did not exist as a viable entity.

64. The Defendants breached the contract between the parties by failing to perform any of the obligations set forth in the contract in a timely manner.

65. As a direct and foreseeable result of the Defendants breaches, as aforesaid, the Plaintiff has been directly damaged in the amount of $250,000.

### Count 4—Conversion

66. The allegations contained in paragraphs 1 through 44 are incorporated herein by reference.

67. The Plaintiff delivered the sum of $74,541 to Foremost's Branch Banking & Trust account, to be used for the purposes delivering a prefabricated 2,159 square foot residence for him in Clarke County, Virginia.

68. Because the Defendants could not provide the product as specified above, the Defendants never provided any materials or services of value, and the Defendants thereby converted the Plaintiff's funds to their own purposes when they took the Plaintiff's $74,541 upon false pretenses.

69. The Defendants wrongfully took possession of the Plaintiff's funds and have failed and/or refused to return any of the Plaintiff's funds, after proper demand had been made upon them, when they knew they could not perform under the terms of the agreement when it was entered into.

70. GLD, as the alter-ego of Foremost, ultimately came into possession of Plaintiff's funds.

71. As a direct and foreseeable result of the Defendants breaches, as aforesaid, the Plaintiff has been directly damaged in the amount of $250,000.

72. The Defendants' actions, as aforesaid, have caused the Plaintiff to incur attorneys' fees in the action to recover monies wrongfully obtained by the Defendants.

### Count 5-Violation of Virginia Consumer Protection Act

73. The allegations contained in paragraphs 1 through 44 are incorporated herein by reference.

74. As described herein, Foremost, and GLD are "suppliers" as that term is defined in the Virginia Consumer Protection Act, Virginia Code §59.1-198 (the "VCPA").

75. As described herein, the transaction between the Plaintiff and Foremost was a "consumer transaction" as that term is defined by the VCPA.

76. As described above, the Defendants engaged in prohibited conduct when it advertised and asserted that they would deliver to the Plaintiff a product in Virginia, and that they could deliver a prefabricated 2,159 square foot residence for him in Clarke County, Virginia, as prohibited by Virginia Code §59.1-200.1.

77. The Defendants also failed and/or refused to provide the services it had represented to the Plaintiff it would perform.

78. The conduct of the Defendant, as described herein, constitutes "(u)sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction", in violation of Virginia Code §59.1-200(a)(14).

79. At the time the Defendants induced the Plaintiff into signing the contract and providing them with the $74,541 deposit, they knew their statements were false, they did not have the resources to install the prefabricated home, and these statements were designed so that the Plaintiff would rely upon them and sign the contract and provide the deposit.

80. All of the Defendants' representations were material to the Plaintiff's decision to sign a contract and provide a deposit.

81. The Plaintiff relied upon the Defendants' false representations, as aforesaid, in signing the contract and tendering the deposit.

82. The Defendant's violations of the VCPA were willful violations of §59.1-200, which include using deception, fraud, and false representations in connection with a consumer transaction with the Plaintiff.

83. As a direct result of the Defendants breaches, as aforesaid, the Plaintiff has been directly damaged in the amount of $250,000.

### Count 6—Civil Conspiracy

84. The allegations contained in paragraphs 1 through 44 are incorporated herein by reference.

85. The Defendants, Foremost and GLD, entered into a conspiracy enterprise with Gordon in which the sham enterprise of Foremost, by and through its' agents and employees, would continue to solicit for contracts for construction and installation of modular homes in Virginia, as a concerted action, when such actions constituted construction fraud as well as other unlawful and illegal conduct.

86. The Defendants, Foremost and GLD, and Gordon, advertised and held Foremost out to the public as a viable and functional manufactured home builder when they knew it was not, in furtherance of this construction fraud enterprise conspiracy.

87. GLD and Gordon failed to disclose to the Plaintiff and other customers that Foremost was a "wholly owned subsidiary" of GLD, thus deceiving the Plaintiff of the true nature of Foremost's corporate structure, ownership, and lack of viability.

88. The Defendants, Foremost, and GLD, and Gordon, solicited the Plaintiff and induced him into signing a contract and depositing funds with Foremost, in furtherance of this conspiracy.

89. GLD, Foremost and Gordon further entered into a specific agreement to commit an unlawful act or achieve an unlawful purpose when they made false representations to the Plaintiff, induced him to rely upon those false representations, entered into a contract with the Plaintiff for the construction of a residence in Virginia, obtained the sum of $74,541 from the Plaintiff in furtherance of a contract it could not and would not perform on; and when they misused internet and interstate communication facilities, including an electrical, mechanical, or telephonic device, to execute a scheme to obtain monies from the Plaintiff by means of false and fraudulent representations.

**WHEREFORE,** the Plaintiff respectfully requests this Court enter judgment against the Defendants, Foremost and GLD, in the following amounts:

(a) <u>Count 1</u>: Two Hundred Fifty Thousand Dollars ($250,000) in compensatory damages and Three Hundred Fifty Thousand Dollars ($350,000) in punitive damages, together with attorneys' fees, costs, fees and interest at six percent (6%) from April 1, 2017 until paid in full, and

(b) <u>Count 2</u>: Two Hundred Fifty Thousand Dollars ($250,000) in compensatory damages and Three Hundred Fifty Thousand Dollars ($350,000) in punitive damages, together with attorneys' fees, costs, fees and interest at six percent (6%) from April 1, 2017 until paid in full, and

(c) <u>Count 3:</u> Seventy Four Thousand Five Hundred Forty-One Dollars ($74,541) in compensatory damages, together with attorneys' fees, costs, fees and interest at six percent (6%) from April 1, 2017 until paid in full, and

(d) <u>Count 4</u>: Two Hundred Fifty Thousand Dollars ($250,000) in compensatory damages, together with attorneys' fees, costs, fees and interest at six percent (6%) from April 1, 2017 until paid in full, and

(e) <u>Count 5</u>: Two Hundred Fifty Thousand Dollars ($250,000) in compensatory damages, together with Five Hundred Forty Thousand Dollars ($540,000) in treble damages pursuant to Va. Code. §59.1-204(a), together with reasonable attorneys' fees, costs expended, fees and interest at six percent (6%) from April 1, 2017 until paid in full, and

(f) <u>Count 6:</u> Two Hundred Fifty Thousand Dollars ($250,000) in compensatory damages, together with reasonable attorneys' fees, costs expended, and fees and interest at six percent (6%) from April 1, 2017 until paid in full.

JASON MILLER
By Counsel

A TRIAL BY JURY IS DEMANDED.

MacDOWELL LAW GROUP, P.C.

   /s/ Richard F. MacDowell, Jr.
Richard F. MacDowell, Jr., VSB#21083
10500 Sager Avenue, Suite F
Fairfax, Virginia 22030
(703) 277-2811
(703) 277-2877
rfm@lawmacdowell.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

     I, Richard F. MacDowell, Jr., counsel for the Plaintiff, do hereby certify that I have served a true and correct copy of the foregoing Amended Complaint upon the below named counsel or parties on the date indicated electronically through the ECF system and by depositing true and correct copies of the foregoing in the United States Mail, first class postage prepaid, to them at the address as follows:

        Curtis G. Power, III
        BOWLES RICE, LLP
        480 West Jubal Early Drive, Suite 130
        Winchester, Virginia 22601

        Foremost Industries, Inc., d/b/a Foremost Industries, Inc. of PA
        Claude Compton, Former R/A
        9315 Grant Avenue
        Manassas, Virginia 20110


Dated:   04/20/2017

                                                         /s/ Richard F. MacDowell, Jr.
                                                         Richard F. MacDowell, Jr.